EVELYN MEDOFF *vs.* BOSTON RENT BOARD. October 11, 1983. *Rent Control,* Vacancy decontrol, Regulation.

The plaintiff sought certificates of vacancy decontrol for each of the three units of a three-family residential dwelling she owned in the city of Boston. The property was purchased by the plaintiff in November, 1979. Until the date of purchase, all three units had been exempt from rent control, as the dwelling had been classified as an owner occupied dwelling pursuant to c. 15, § 1(e)(ii), of the Ordinances of the City of Boston (1975). The former owner and the tenants of the other two units voluntarily vacated the premises prior to November, 1979. The present owner, the plaintiff, has never resided there.

The defendant, Boston Rent Board (board) rejected the plaintiff's application for vacancy decontrol. The case was then brought to the Boston Division of the Housing Court Department, where the plaintiff sought a declaration of her rights under c. 15, § 1(e), and Boston Rent Board Regulation 10 (1976).

A Housing Court judge held that each of the units fell within the exemption of § 1(e)(vi), set forth in the margin,[1] and entered a judgment declaring the units exempt from rent control. In its appeal the board maintains the position, which it had taken in rejecting the plaintiff's application, that for § 1(e)(vi) to apply, the vacancies must have occurred after the building came under rent control. That, the board argues, did not occur until November, 1979, when the plaintiff purchased the building, as the three units had previously been exempt from rent control under § 1(e)(ii), a provision which exempts a three-unit dwelling if one unit is occupied by the owner.

We agree with the judge of the Housing Court that § 1(e)(vi) does not, as the board urges, require a unit to be *controlled* before being entitled to an exemption. The ordinance does not mention the word "controlled," and we conclude that the term "housing accommodation," in its natural reading refers to the definition in the first paragraph of § 1(e). To accept the board's position is not only contrary to the language of the ordinance but inconsistent with the policy of § 1(e)(vi), which is gradually to withdraw units from regulation as voluntary vacancies occur. See *Charlesbank Apartments, Inc.* v. *Boston Rent Control Admn.*, 379 Mass. 635, 639 (1980); *Wallace* v. *Boston Rent Bd.*, 12 Mass. App. Ct. 13, 18 (1981).

---

[1] Section 1(e) of the ordinance provides:
"Section 1. Definitions. When used in this ordinance unless the context otherwise requires, the following terms shall have the following meanings:
"  .   .   .   .

"(e) Housing accommodation: any building, structure, or part thereof or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes, within the city, including houses, apartments, rooming or boarding house units, and other properties used for living or dwelling purposes, together with all services connected with the use or occupancy of such property, not including the following:
"  .   .   .   .

"(vi) units of housing accommodations which become vacant on or after January 1, 1976, or which are vacated voluntarily or pursuant to court order anytime thereafter. For purposes of this clause, a unit shall be construed to have been vacated when the legal occupant is a person or persons other than the legal occupant of said rental unit prior to January 1, 1976, except for a spouse of the legal occupant, or any children of the legal occupant born during the term of the legal occupancy. The owner of said vacated housing accommodations shall file with the board an affidavit, under oath, declaring that the occupant vacated said accommodations voluntarily or pursuant to court order."

To the extent that the board's definition of "legal occupant" in its regulation 10, quoted in the margin,[2] precludes decontrol of premises which were "vacated voluntarily" by owners or tenants after January 1, 1976, the regulation is invalid because it vitiates the purpose of the ordinance as we have construed it.

*Judgment affirmed.*

*James D. Rose* for the defendant.
*Herbert S. Lerman* for the plaintiff.

---

[2] *Regulation* 10, § 2(D), provides:
"Section 2. Definitions: When used in this regulation, unless the context otherwise requires, the following terms shall have the following meanings:
". . . .

"D) Legal Occupant:
"1. a tenant in possession, one or more co-tenants or joint tenants under a rental agreement written or oral, express or implied in effect prior to January 1, 1976.
"2. a legal sub-tenant or assignee of a rental agreement which was in effect prior to January 1, 1976, and remained in effect after January 1, 1976.
"3. any tenant obligated for the full term of a rental agreement which went into effect prior to January 1, 1976, and remained in effect on or after January 1, 1976."